IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RECKO ELLIS, :
:
      Plaintiff :
:
VS. :
:
ABL FOOD SERV., : NO. 7:07-CV-8 (HL)
:
      Defendant : **O R D E R**
_____ :

    Plaintiff **RECKO ELLIS**, an inmate at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

    It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10, until the $350 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

    Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that there are rusty pipes and chipping ceiling paint in the cooking area of the Lowndes County Jail, and that rust and paint chips are often found in the food served to inmates. Plaintiff complains that the named defendant, ABL Food Services, placed his life in danger by serving contaminated food. Plaintiff does not state how often he has received food with rust and/or

paint chips, or that he suffered any injury from this food. He files this action seeking monetary damages.

## III. DISCUSSION

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement, ensuring that "inmates receive adequate food, clothing, shelter and medical care and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Isolated instances of deficient and uncomfortable conditions of confinement do not constitute cruel and unusual punishment. For conditions of confinement, even though they may be harsh and cause discomfort, to violate the Eighth Amendment, the conditions must involve the "unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), and deprive an inmate of the "minimal civilized measure of life's necessities." *Id.* at 347. The Supreme Court has instructed lower courts that "extreme deprivations are required to make out a conditions-of-confinement claim," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), and that such claims require proof of "significant injury," *Porter v. Nussle*, 534 U.S. 516, 528 (2002).

The Court finds that plaintiff has failed to set forth sufficient factual detail to demonstrate either "extreme deprivations" or "significant injury." Rather than his claims rising to the level of constitutional violations, plaintiff appears to be complaining about standard aspects of prison life. The conditions plaintiff complains either had no effect on him or resulted in minor inconveniences. The Supreme Court has made it clear that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

While he may have suffered indignities and temporary discomfort, plaintiff is not entitled to relief because he has failed to plead any physical injury as a result of the above alleged acts. *See* 42 U.S.C. § 1997e(e) (no federal civil action may be brought by inmate for mental or emotional injury suffered while in custody unless there is prior showing of physical injury); **Harris v. Garner**, 190 F.3d 1279, 1286 (11th Cir. 2000) (*en banc*) (holding that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*).

## IV.  CONCLUSION

Based on the foregoing, the complaint against defendant ABL Food Services should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 23rd day of AUGUST, 2006.

> s/  Hugh Lawson
> HUGH LAWSON
> UNITED STATES DISTRICT JUDGE

cr